NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL J. OWENS, Acting Regional
Director of Region 20 of the National Labor
Relations Board, for and on behalf of the
National Labor Relations Board,

Petitioner - Appellee,

v.

SEIU-UNITED HEALTHCARE
WORKERS WEST,

Intervenor - Appellee,

SATELLITE HEALTHCARE, INC.,

Respondent - Appellant.

No. 25-79

D.C. No.
3:24-cv-07424-RFL

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Rita F. Lin, District Judge, Presiding

Argued and Submitted August 21, 2025
San Francisco, California

Before: CHRISTEN, LEE, and BRESS, Circuit Judges.

Satellite Healthcare, Inc. appeals the district court's order granting the

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

National Labor Relations Board Regional Director's petition for an injunction pursuant to § 10(j) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(j). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we review the district court's order for abuse of discretion. *See Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1186 (9th Cir. 2011). We affirm.

1. The district court did not abuse its discretion in finding a likelihood of irreparable harm absent preliminary relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The record demonstrates an observable decline in support for the Service Employees International Union – United Healthcare Workers West (the Union), particularly after Satellite delayed negotiations, unilaterally changed time and attendance policies, and withheld annual merit increases from unionized clinics. Evidence of this included decreasing Union membership, declining participation at Union events, and frustrated employees transferring from unionized clinics to non-unionized clinics. We have recognized that diminished Union support likely results in irreparable harm to the bargaining process absent preliminary relief. *See Small*, 661 F.3d at 1192 ("[A] delay in bargaining weakens support for the union, and a Board order cannot remedy this diminished level of support."); *E. Bay Auto. Council v. NLRB*, 483 F.3d 628, 634 (9th Cir. 2007) ("[U]nilateral action with respect to wages is likely to have a long-

lasting effect on employee support for a union . . . ."). Satellite has not shown that any of the district court's factual findings were clearly erroneous. *See Small*, 661 F.3d at 1187. Nor did the district court abuse its discretion in declining to treat the eighteen-month delay between the first administrative complaint before the Board and the § 10(j) petition as precluding a finding of imminent harm. The evidence of diminished Union support, the discriminatory withholding of wage increases, and the unilateral changes to workplace time and attendance policies outweighed any inference from the Region's delay, which the Region has adequately explained in any event. *See Frankl ex rel. NLRB v. HTH Corp.*, 650 F.3d 1334, 1362–63 (9th Cir. 2011). Accordingly, the district court did not abuse its discretion in concluding that the cumulative effect of Satellite's unfair labor practices was likely to cause irreparable harm.

2.      The district court did not abuse its discretion when it ordered Satellite to pay prospective merit wage increases. The record supported the district court's finding that the merit wage increases were an existing term or condition of employment. Although managers retained some discretion to award higher or lower raise percentages, in practice that discretion was narrowly confined and subject to established guidelines for awarding the increases. *See Daily News of Los Angeles, Div. of Cooke Media Grp., Inc.*, 315 NLRB 1236, 1240 (1994). As a result, Satellite's unilateral decision to withhold those increases clearly altered an

existing condition of employment. Therefore, the district court acted within its discretion in ordering Satellite to restore the status quo by awarding the merit increases. *See NLRB v. Katz*, 369 U.S. 736, 746 (1962).

3. Finally, the district court's § 10(j) injunction was narrowly tailored to Satellite's specific violations of the NLRA. The district court determined that the Santa Teresa, San Leandro, Watsonville, Folsom, and Milpitas clinics did not demand bargaining until shortly before or after the cancelled August bargaining session, and concluded that the Region failed to demonstrate harm to those clinics caused by delayed bargaining. "[N]o requirement of immediate bargaining [was] ordered" for those clinics. Instead, the injunction required immediate, good-faith bargaining at only the San Francisco, Blossom Valley, Morgan Hill, Gilroy, Vallejo, and Rohnert Park clinics, where the record supported a finding of harm. Satellite also challenges the portion of the injunction requiring it to rescind unilateral changes to workplace policies as overly broad. That challenge fails. The injunction requires rescission only to the extent Satellite unilaterally altered existing workplace policies in contravention of *Katz*, and it bars Satellite from making further unilateral changes during bargaining. *See* 369 U.S. at 747; *see also Cooke Media Grp., Inc.*, 315 NLRB at 1237–38. The district court tailored the injunction to restore and maintain the status quo.

**AFFIRMED.**

4                                                        25-79